UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kelley D. Gaines,   #2005040000, | ) C/A No. 8:05-2198-TLW-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Robert Daly, Director;<br>Barbra Simms, Asst. Director;<br>Mrs. NFN Roundtree, Nurse;<br>Mrs. NFN Freeman, Nurse; and<br>Mrs. NFN Black, Nurse, | ) |
| Defendants. | ) |

This is a civil action filed by an Anderson County pre-trial detainee *pro se*.[1] Plaintiff claims that personnel at the Anderson County Detention Center (ACDC) are refusing to pay for medical care that Plaintiff allegedly required as a result of a trip and fall incident within the area of Plaintiff's bunk. Plaintiff acknowledges that he received emergency medical care after the fall, and that he consulted with a specialist who allegedly said that Plaintiff needs surgery. It is unclear whether or not Plaintiff has had that surgery because his major contention in the Complaint in this case is only that ACDC "is deniing [sic] pay and responsibility for this injury" because Plaintiff refused to sign a form that stated that he had a "pre exiting [sic] injury."[2] Plaintiff does not contend that he has been denied necessary medical care. He does not allege that he had been denied the proposed

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] It is presumed that Plaintiff intended "pre-existing injury."

surgery. Rather, he only contends that ACDC should have to pay for the medical care he has received which has apparently resulted in "unpaid bills." Plaintiff seeks compensation for "any unpaid bills and for pain and suffering and punitive damage." These contentions and allegations fail to state a federal cause of action.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent

2

standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Complaint filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction. *See* 28 U.S.C. § 1332. The claims that Plaintiff attempts to state against Defendants are state law negligence claims, not federal causes of action. *See, e.g.*, Bloom v. Ravoira, 529 S.E.2d 710 (S.C. 2000)(negligence); Howard v. South Carolina Dept. of Highways, 538 S.E.2d 291 (S.C. Ct. App.2000)(property loss and damage by negligence is recoverable). Federal actions for damages against state actors pursuant to 28 U.S.C. § 1983 do not impose liability for violations of duties of care (such as those involved in negligence actions) arising under state law. *See* DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-03 (1989). Furthermore, it is settled that where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See* King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); Slaughter v. Anderson, 673 F. Supp. 929, 930 (N.D. Ill. 1987). Although this Court could consider a negligence action with $75,000.00 in controversy between citizens of different under its diversity jurisdiction, *see* Cianbro Corp. v. Jeffcoat & Martin, 804 F.Supp. 784, 788-91 (D. S.C. 1992), it is clear that all parties named in the Complaint are citizens of South Carolina. Since diversity jurisdiction requires complete diversity of the parties, its requirements are not satisfied in this state.

To the extent that Plaintiff claims he did not receive proper or adequate medical care following his slip and fall, the Complaint allegations do not state a viable claim under

42 U.S.C. § 1983,[3] the only potential federal question claim arguably evident from the face of the Complaint. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).[4] At the thresh hold, a complaint of deliberate indifference must disclose an objective injury or inattention to serious medical need. *See* Shakka v. Smith, 71 F.3d 162 (4th Cir. 1995); Strickler v. Waters, 989 F. 2d 1375 (4th Cir. 1993). Additionally, deliberate indifference involves a subjective component which the Supreme Court has termed a "sufficiently culpable state of mind" on the part of defendants. *See* Johnson v. Quinones, 145 F. 3d 164 (4th Cir. 1998).

In Estelle v. Gamble, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in Estelle v. Gamble pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Estelle v. Gamble, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). *Cf.* Whitley v. Albers, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs

---

[3] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[4] A pre-trial detainee's claims about medical care are governed by the Fourteenth Amendment, not the Eighth Amendment. *See* Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990). In Belcher v. Oliver, the Court noted: "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." Belcher v. Oliver, 898 F.2d at 34.

of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See* Brown v. Thompson, 868 F. Supp. 326 (S.D. Ga. 1994)(collecting cases).

Plaintiff's allegations fail to state a viable § 1983 claim in this case because the allegations themselves disclose that officials at ACDC were not medically indifferent following his trip and fall. For example, he states that within a relatively brief time after the fall he received medical attention for his injuries from a hospital emergency room, a specialist, and a nurse in the detention center. As previously stated, there are no other potential bases for this Court to exercise its federal question jurisdiction evident from the face of Plaintiff's Complaint.

In absence of either federal question or diversity jurisdiction, Plaintiff's exclusive avenue for relief arising from injuries received or sustained at ACDC and caused by Defendants' negligence that Plaintiff is a state court action pursuant to the South Carolina Tort Claims Act, S.C. Code Ann., § 15-78-10 *et seq* (SCTCA). Because ACDC is operated by an agency, department, or "political subdivision" of the State of South Carolina, its employees and/or officials may be sued for damages caused by their negligence under SCTCA. *See* S.C. Code Ann., § 15-78-30(a); Browning v. Hartvigsen, 307 S.C. 122, 414 S.E.2d 115, 116-118 & nn. 1-2 (1992). Under the facts alleged by Plaintiff, a SCTCA action in South Carolina state court might be pursued in order to establish Defendants' liability for the disputed medical care described in Plaintiff's Complaint.

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Plaintiff's attention is directed to the important notice on the next page.

                                  Respectfully submitted,

                                  s/Bruce H. Hendricks
                                  United States Magistrate Judge

August 26, 2005
Greenville, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & 
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

7